UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARONTA T. LEWIS,<br><br>  Plaintiff,<br><br> v.<br><br>G. UGWUEZE, et al.,<br><br>  Defendants. | Case No. 1:20-cv-00575-NONE-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION AS DUPLICATIVE**<br><br>14-DAY DEADLINE |

On August 10, 2020, the Court ordered Plaintiff to show cause why this action should not be dismissed for his failure to file an application to proceed *in forma pauperis* ("IFP") or pay the filing fee. (Doc. 15.) Plaintiff responded to the order to show cause on August 24 and 31, 2020. (Docs. 17-19.) In his responses, Plaintiff states that the Court already granted him IFP status in case no. 1:20-cv-00596, and he attaches copies of the corresponding orders in that case. (*Id.*) Accordingly, the Court reviewed the records in case no. 1:20-cv-00596. The Court takes judicial notice of the complaint in that case[1] and finds that it is duplicative of the complaint in the present action. Based on the foregoing, the Court recommends that this action be dismissed as duplicative.

**I.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a

---

[1] The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if a prisoner has raised claims that are frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

## II.    DISCUSSION

"A complaint 'that merely repeats pending or previously litigated claims'" is subject to dismissal under 28 U.S.C. § 1915(e). *Cato v. United States*, 70 F.3d 1103, 1105 (9th Cir. 1995) (quoting *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988)). "[A] duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit" may be dismissed as frivolous or malicious under section 1915(e). *See Bailey*, 846 F.2d at 1021. "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the 'comprehensive disposition of litigation.'" *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 692 (9th Cir. 2007) (citation omitted), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

To determine whether a claim is duplicative, courts use the test for claim preclusion. *Adams*, 487 F.3d at 688. "Thus, in assessing whether the second action is duplicative of the first, [courts] examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Id.* at 689 (citations omitted).

In *Lewis v. Ugwueze et al.*, Case No. 1:20-cv-00596-AWI-SAB ("*Lewis I*"), Plaintiff raises the same claims against the same defendants and requests the same relief as he does in the present case ("*Lewis II*"). (*Compare Lewis I*, Doc. 1 at 2, 3-7, 8, 13, 21, 30-35 *with Lewis II*, Doc. 1 at 3, 4-8, 9, 32, 61, 96-101.)  The complaints in the two cases are virtually identical, save for extra exhibits provided in the present case. (*Compare Lewis I*, Doc. 1 at 2-12, 13-20, 21-25, 27-36 *with Lewis II*, Doc. 1 at 3-13, 32-39, 61-65, 93-102.) It appears that Plaintiff submitted the same complaint to the Court twice, adding attachments the second time, and the Clerk's Office therefore opened two separate actions.  Based on his responses to the Court's order to show cause, it also appears that Plaintiff believes the two cases are the same. (*See* Docs. 17-19.) In any

event, it is clear that the complaint in the present case is duplicative of the complaint in *Lewis I*.

**III.    CONCLUSION AND RECOMMENDATION**

For the reasons set forth above, the Court **RECOMMENDS** that this action be **DISMISSED** without prejudice. These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 8, 2020**                         /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE